IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

LEON HAWKINS,

    Plaintiff,

v.                                                                         No. 1:25-cv-01008-JDB-jay

PASTOR LYLOD, *et al.,*

    Defendants.

___

ORDER ADOPTING REPORT AND RECOMMENDATION,
DISMISSING CASE,
AND
RULING ON APPELLATE ISSUES
___

On January 13, 2025, the Plaintiff, Leon Hawkins, filed a pro se complaint, against various individuals alleging violation of his civil rights, in the United States District Court for the Middle District of Tennessee. (Docket Entry ("D.E.") 1.) He also applied to proceed in the case in forma pauperis ("IFP"). (D.E. 2.) In an order entered January 15, 2025, United States District Judge Waverly D. Crenshaw, Jr., of the Middle District granted the motion for IFP status and transferred the matter to this district. (D.E. 5.) Under Administrative Order No. 2013-05, the action was then referred to the assigned magistrate judge in this district, Jon A. York, for management of all pretrial matters. In a screening report and recommendation entered February 5, 2025, pursuant to 28 U.S.C. § 1915(e)(2)(B) (the "R&R"), Judge York recommended that Plaintiff's claims be dismissed with prejudice as frivolous; that, based upon Hawkins's multiple attempts to litigate the same issues raised in this matter, he be directed to refrain from filing additional lawsuits in this Court relating to those claims or, alternatively, that he be declared a vexatious litigator prohibited and enjoined from filing future lawsuits in this district relating to those claims; and that the

undersigned certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from dismissal of his complaint could not be taken in good faith. (D.E. 10.) The magistrate judge noted that he was making the same recommendations in three other lawsuits filed by Hawkins pending at the time in this district, all of which have since been adopted and the cases dismissed.[1] The R&R advised Plaintiff that any objections to the recommendation must be filed within fourteen days. No objections have been filed and the time for doing so has expired.

Rule 72 of the Federal Rules of Civil Procedure permits a party to "serve and file specific written objections to the [magistrate judge's] proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *see also* LR 72.1(g)(2). Upon the filing of timely and proper objections, the district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to" and "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1), LR 72.1(g)(2). However, "[t]he district court is not required to review—under any standard—those aspects of the report and recommendation to which no objection is made." *Valentine v. Gay*, Case No. 3:23-cv-00204, 2023 WL 7930049, at *2 (M.D. Tenn. Nov. 16, 2023) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985)); *see also Jenkins v. Plumbers & Pipefitters Union Local No. 614*, 971 F. Supp. 2d 737, 742-43 (W.D. Tenn. 2013) ("a district court should adopt the findings . . . of the magistrate judge to which no specific objection is filed," referencing *Arn*).

---

[1] *See Hawkins v. Bond*, Case No. 1:25-cv-01012-STA-jay (W.D. Tenn. filed Jan. 13, 2025, dismissed Mar. 3, 2025); *Hawkins v. Bond, et al.*, Case No. 1:25-cv-01009-STA-jay (W.D. Tenn. filed Jan. 13, 2025, dismissed Mar. 3, 2025); *Hawkins v. Moore, et al.*, Case No. 1:25-cv-01007-STA-jay (W.D. Tenn. filed Jan. 13, 2025, dismissed Mar. 3, 2025).

As no objection has been made to the R&R, it is hereby ADOPTED and the case is DISMISSED.[2] The Clerk is DIRECTED to enter judgment. Based on Plaintiff's multiple attempts to litigate the issues alleged in this action, he is hereby ORDERED to refrain from filing in this Court any further cases concerning the following issues: any and all claims involving the order of protection that was entered against him concerning his wife, his incarceration in 2021-22, his wife being assaulted, his wife becoming missing, and Hawkins becoming homeless. Should Plaintiff persist in filing any future lawsuits involving these issues, the Court warns Hawkins that it is likely to impose pre-filing restrictions or other sanctions to deter future abusive or vexatious conduct.

Section 1915(a)(3) provides that an appeal may not be taken IFP if the trial court certifies in writing that an appeal would not be taken in good faith. The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). An appeal is not taken in good faith if the issues presented are frivolous. *Id.* The same considerations that lead this Court to issue the instant ruling also compel it to conclude that an appeal by Plaintiff would not be taken in good faith. It is therefore CERTIFIED, pursuant to § 1915(a)(3), that any appeal of this order would not be taken in good faith and that Plaintiff may not proceed on appeal IFP.

IT IS SO ORDERED this 28th day of March 2025.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

---

[2] On February 14, 2025, after a courtesy copy of the docket sheet was returned as undeliverable, Judge York ordered Plaintiff to provide to the Court a current deliverable mailing address no later than February 28, 2025. (D.E. 12.) Hawkins was admonished that failure to comply with the order may result in sanctions including a recommendation to the undersigned that the case be dismissed under Fed. R. Civ. P. 41. Plaintiff failed to comply with the Court's order and, on March 5, 2025, Judge York directed Hawkins to show cause by March 19, 2025, why the case should not be dismissed for failure to comply with the February 14 order. The magistrate judge warned Plaintiff that failure to respond to the show cause directive may result in dismissal of this case. (D.E. 13.) Again, Plaintiff did not comply. These failures to comply with Court orders provide additional bases for dismissal. *See* Fed. R. Civ. P. 41(b).